```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| RUBÉN REYES-ECHEVARRÍA, | |
| Petitioner, | Civil No. 14-1021 (PG) |
| v. | (Crim. 99-069 [1]) |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**OPINION AND ORDER**

Petitioner, Rubén Reyes-Echevarría, brings this second petition under 28 U.S.C. § 2255 for relief from sentencing by a federal court, alleging that the sentence imposed violated his rights under federal law. He requests an order to vacate, set aside, or correct the sentence imposed in Cr. No. 99-069[1]. (Docket No. 1.)

### I. BACKGROUND

During the middle part of the 1990s, Petitioner was the leader of a violent drug trafficking organization that operated in southern Puerto Rico. After a jury trial, Petitioner was convicted of a drug conspiracy offense. (Crim. Docket No. 163.) This court sentenced Petitioner to life in prison. (Crim. Docket No. 203.) The conviction was affirmed on appeal. United States v. Reyes-Echevarría, 345 F.3d 1 (1st Cir. 2003). And thus began Petitioner's circuitous – and exhaustive – journey to overturn his sentence.

On August 2, 2004, Petitioner filed his first motion pursuant to 28 U.S.C. § 2255, claiming ineffective assistance of counsel. (Cv. 04-1784, Docket No. 1.) On March 24, 2009, the court dismissed the petition with prejudice finding that Petitioner failed to meet the burden to show ineffective assistance of counsel. (Docket No. 19.) On June 1, 2009, Petitioner requested a certificate of appealability.

(Docket No. 23.)  His request was denied.  (Docket No. 26.)  On June 29, 2009, Petitioner filed a *pro-se* application for a certificate of appealability in the Court of Appeals for the First Circuit. (APP. 09-1679).  The First Circuit denied the application.  (Id.) On March 10, 2009, Petitioner filed a writ of *certiorari* in the Supreme Court, which was denied. See Reyes-Echevarría v. United States, 559 U.S. 1083 (2010).

On October 5, 2011, pursuant to Rule 60(d) of the Federal Rules of Civil Procedure, Petitioner filed a *pro-se* motion to amend or correct the sentence in the original § 2255 proceeding before this court.  (Cv. 04-1784, Docket No. 32.)  The court denied Petitioner's motion because the matters submitted were "previously adjudged". (Docket No. 37.)  On December 23, 2011, Petitioner filed a motion for reconsideration.  (Docket No. 39.)  The motion was denied.  (Docket No. 43.)

On May 1, 2012, Petitioner moved again to vacate and remand his sentence in the original proceeding, this time in light of the Supreme Court's decision in Missouri v. Frye, 132 S.Ct. 1399 (2012).  (Docket No. 45.)  On May 15, 2012, the court denied his petition because, since Petitioner failed to request the Court of Appeals' permission to file a second or successive § 2255 motion, it lacked jurisdiction to entertain the motion.  (Docket No. 47.)

On December 19, 2012, Petitioner filed an application for permission to file a second or successive motion in the First Circuit. (APP. 12-2522).  The First Circuit denied his application because he did not met the prerequisites for such authorization, stating that the denial "is not appealable and may not be subject of a petition for rehearing or a writ of certiorari".  (Id.)

In yet another creative, but futile, effort to evade his sentence, Petitioner filed a *pro-se* motion for leave to amend the first § 2255 petition to include his claims raised under Frye. (Cv. 04-1784, Docket No. 48.). The court denied the motion. (Docket No. 49.) On April 9, 2013, Petitioner sought an extension to file an appeal from the denial of his motion to amend. (Docket No. 50.) The motion was denied. (Docket No. 51.)

On January 13, 2014, Petitioner filed this successive petition for postconviction relief under 28 U.S.C. §2255, claiming that he is entitled to a second or successive motion in light of the Supreme Court's decision in Alleyne v. United States, 570 U.S. ----, 133 S.Ct. 2151 (2013). (Cv. 14-1021, Docket No. 1 at 6.) The government opposes. (Docket No. 6.)

## II.   LEGAL STANDARD

A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court. See 28 U.S.C. § 2255. A federal prisoner may challenge his sentence on the ground that, inter alia, it "was imposed in violation of the Constitution or laws of the United States." Id. A petitioner cannot be granted relief on a claim that has not been raised at trial or direct appeal, unless he can demonstrate both cause and actual prejudice for his procedural default. See United States v. Frady, 456 U.S. 152, 167 (1982). Indeed, "[p]ostconviction relief on collateral review is an extraordinary remedy, available only on a sufficient showing of fundamental unfairness." Singleton v. United States, 26 F.3d 233, 236 (1st Cir. 1994). Claims of ineffective assistance of counsel, however, are exceptions to this rule. See Massaro v. United States, 538 U.S. 500, 123 (2003) (holding that

failure to raise ineffective assistance of counsel claim on direct appeal does not bar subsequent § 2255 review).

### III. DISCUSSION

Because Petitioner appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, Petitioner's pro-se status does not excuse him from complying with procedural and substantive law. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

The Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2255 disfavors "second or successive" habeas petitions seeking to vacate, set aside or correct a sentence. See 28 U.S.C. § 2255; see also, Burton v. Stewart, 549 U.S. 147, 153 (2007). A subsequent petition that raises the same grounds as a previous petition is considered a second or successive petition. Sustache-Rivera v. United States, 221 F.3d 8, 12-3 (1st Cir.2000). A petitioner may file a second or successive motion under Section 2255, but only after a petitioner moves "the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see also, 28 U.S.C. § 2255 ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals...."). Without certification from the appropriate court of appeals, a district court lacks jurisdiction over a second or successive petition. Trenkler v. United States, 536 F.3d 85, 96 (1st Cir.2008).

Here, Petitioner neither sought nor received authorization from the First Circuit Court of Appeals before filing his second motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

He claims, instead, that he is entitled to relief because the Supreme Court's decision in <u>Alleyne v. United States</u>, 570 U.S. ----, 133 S.Ct. 2151, (2013) articulated a new rule of constitutional law. But deciding that issue would require this court to reach the merits of his petition, which we can only do if the First Circuit certifies a second or successive habeas petition. For this reason alone, we deny the motion.

And yet it is worth mentioning here, particularly in light of his many attempts to overturn his sentence, that Petitioner's reliance on <u>Alleyne</u> is misplaced.

In <u>Alleyne</u>, the Supreme Court extended the reach of a principle, first articulated in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), requiring that any fact that increases a defendant's mandatory minimum sentence must be submitted to a jury to be proved beyond a reasonable doubt. The Supreme Court has given no indication as that <u>Alleyne</u> applies retroactively to cases on collateral review. However, the Supreme Court previously held, in <u>United States v. Booker</u>, 543 U.S. 220 (2005), that <u>Apprendi</u> was not retroactively applicable. <u>See also Simpson v. United States</u>, 721 F.3d 875, 876 (7th Cir. 2013)(suggesting, without deciding, that because "<u>Alleyne</u> is an extension of <u>Apprendi</u> ... [t]his implies that the [Supreme] Court will not declare <u>Alleyne</u> to be retroactive.") Moreover, no court has yet treated <u>Alleyne</u> as retroactive to cases on collateral review. <u>See</u>, e.g., <u>United States v. Redd</u>, 735 F.3d 88, 91-92 (2d Cir.2013)(holding that *Alleyne* does not apply to cases on collateral review); <u>United States v. Reyes</u>, 755 F.3d 210, 212-13 (3rd Cir. 2014)(same); <u>In re Kemper</u>, 735 F.3d 211, 212 (5th Cir.2013)(same); <u>Rogers v. United States</u>, 561 Fed.Appx. 440, 442 (6th Cir. 2014)(same); <u>United States v. Hoon</u>, 762 F.3d 1172, 1173 (10th Cir. 2014)(same); <u>United States v.</u>

Harris, 741 F.3d 1245 (11th Cir. 2014)(same); Castro-Davis v. United States, 2014 WL 1056528 (D.P.R. March 18, 2014); Lassalle-Velazquez v. United States, 2013 WL4459044 (D.P.R. Aug. 16, 2013); United States v. Stanley, 2013 WL 3752126, at *7 (N.D. Okla. July 16, 2013); United States v. Eziolisa, 2013 WL 3812087, at *2 (S.D. Ohio July 22, 2013); Affolter v. United States, 2013 WL 3884176, at *2 (E.D. Mo. July 26, 2013). Since neither the Supreme Court nor the First Circuit has held Alleyne to be retroactively applicable, we decline to do so here.

### IV.  CERTIFICATE OF APPEALABILITY

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). While Petitioner has not yet requested a COA, we see no way in which a reasonable jurist could find our assessment of his constitutional claims debatable or wrong. Petitioner may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

Civil No. 14-1021 (PG)                                                    Page 7

## V.   CONCLUSION

For the foregoing reasons, we hereby **DISMISS** Petitioner's § 2255 motion.  (Docket No. 1.)  Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Petitioner is not entitled to § 2255 relief from this court.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 4th day of November, 2014.

                                              **S/ JUAN M. PÉREZ-GIMÉNEZ**
                                              **JUAN M. PÉREZ-GIMÉNEZ**
                                              **UNITED STATES DISTRICT JUDGE**